1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                                    EASTERN DISTRICT OF CALIFORNIA

9

10     RAYMOND E. PEYTON,                          Case No.   1:22-cv-00151-EPG

11                      Plaintiff,

12           v.                                    ORDER TO FILE AMENDED COMPLAINT

13     BRIAN CATES,                                (ECF No. 1)

14                      Defendant.

15

16          Plaintiff Raymond Peyton is a state prisoner proceeding *pro se* in this civil rights action

17     purportedly brought pursuant to 42 U.S.C. § 1983. Defendant Brian Cates removed this action

18     from the Kern County Superior Court on February 3, 2022. (ECF No. 1). Defendant has attached

19     Plaintiff's first amended complaint, which appears to be the operative complaint.

20          The complaint itself is filed on a state court form, which lists most of the factual and legal

21     allegations on a single page. (*Id.* at 297). However, also in the record is a "case management

22     statement," which, among other things, expands on the factual and legal allegations from the form

23     complaint.

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25     governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Here,

26     screening of Plaintiff's complaint is hampered by the fact that most of the pertinent factual and

27     legal allegations are not contained in the complaint itself but are instead found in the case

28     management statement. Notably, Local Rule 220 requires a pleading to be "complete in itself

                                                    1

without reference" to another filing. Accordingly, the Court is unable to address both the

allegations in the complaint and case management statement. To ensure that Plaintiff has the

opportunity to fully present the factual and legal bases for his case, the Court will permit Plaintiff

to file an amended complaint.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to send Plaintiff a § 1983 civil rights complaint form.

2. No later than March 18, 2022, Plaintiff shall file an amended complaint.

3. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:21-cv-00151-EPG.

4. The Complaint may be no longer than 25 pages, including any attachments.

5. Plaintiff is advised that the permission to file the amended complaint is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

6. Plaintiff is advised that an amended complaint supersedes his prior complaints, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleadings, Local Rule 220.

7. After receiving Plaintiff's second amended complaint, the Court will screen it in due course.

8. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:    **February 18, 2022**                    /s/ Erica P. Groji
                                                   UNITED STATES MAGISTRATE JUDGE