UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. PEYTON,<br><br>  Plaintiff,<br><br>  v.<br><br>BRIAN CATES,<br><br>  Defendant. | Case No. 1:22-cv-00151-JLT-EPG<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL; DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>(ECF No. 11) |

Plaintiff Raymond Peyton is a state prisoner proceeding *pro se* in this civil rights action purportedly brought pursuant to 42 U.S.C. § 1983. Defendant Brian Cates removed this action from the Kern County Superior Court on February 3, 2022. (ECF No. 1).

Upon review of the state court documents attached to notice of removal, the Court entered an order on February 18, 2022, concluding that the screening of Plaintiff's complaint under 28 U.S.C. § 1915A(a) was hampered by the fact that most of the pertinent factual and legal allegations were not contained in the complaint itself but were instead found in a state court document called a "case management statement." (ECF No. 7). Noting that Local Rule 220 requires a pleading to be "complete in itself without reference" to another filing, the Court determined that it was unable to address both the allegations in the complaint and case management statement.

However, to ensure that Plaintiff had the opportunity to fully present the factual and legal bases for this case, the Court directed Plaintiff to file a second amended complaint no later than

March 18, 2022. Additionally, the Court ordered Plaintiff to file a second amended complaint that was no longer than 25 pages, including any attachments, and was complete in itself without reference to the prior or superseded pleadings. Lastly, the Court warned Plaintiff that failure to comply with this order could result in the dismissal of this action.

On March 14, 2022, Plaintiff filed a combined motion to appoint counsel and second amended civil rights complaint. (ECF No. 11). For the reasons given, the Court will deny the motion to appoint counsel and order Plaintiff to file an amended complaint.

**I.      MOTION TO APPOINT COUNSEL**

Plaintiff's motion to appoint counsel argues that the Court should appoint counsel because he is unable to afford counsel, the issues are complex, he is "under lockdown conditions due to the COVID pandemic" and has limited access to the law library, and, while he his "familiar enough with the law to write briefs, Plaintiff is not trained in presenting his arguments in the courtroom venue nor is he a trained legal professional nor member of the Bar." (ECF No. 11, p. 6) (alterations to capitalization).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, Plaintiff states that he is familiar with

writing legal briefs, and it appears that Plaintiff can adequately articulate his claims despite not being a trained legal professional.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of counsel at a later stage of the proceedings.

## II.    SECOND AMENDED COMPLAINT

Not counting the motion to appoint counsel, Plaintiff's second amended complaint is 60 pages. The filing consists of a form complaint listing four claims, with each claim referencing Plaintiff's attached case management statement from state court for the legal and factual bases for his claims. (ECF No. 11, pp. 3-5, 25-45; *see also* ECF No. 1, pp. 302-323). Interspersed throughout the filing are other state court documents and attachments, such as a state court complaint form and documents relating to Plaintiff's prison grievances. (ECF No. 11, pp. 17-21, 50). Accordingly, contrary to this Court's February 18, 2022 order, Plaintiff's complaint is longer than 25 pages and impermissibly references the same "case management statement" that was included in the removal documents.

Plaintiff is advised that under Federal Rule of Civil Procedure 41(b), a court possesses the authority to dismiss an action for failure to comply with a court order. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). However, given Plaintiff's *pro se* status, the Court believes it appropriate to provide Plaintiff another opportunity to file an amended complaint rather than recommend dismissal at this stage.

Plaintiff's amended complaint needs to contain only supporting facts and "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It does not need to contain all the facts related to the incidents, nor does it need to include evidence. Plaintiff is welcome to use the civil rights form that is provided with this order.

## III.   ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to appoint counsel (ECF No. 11) is denied.
2. The Clerk of Court is directed to send Plaintiff a § 1983 civil rights complaint form.
3. No later than April 1, 2022, Plaintiff shall file an amended complaint.  Plaintiff shall

caption the amended complaint "Third Amended Complaint" and refer to the case number 1:21-cv-00151-EPG. The Complaint may be no longer than 25 pages total, including any attachments.[1]

4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 15, 2022**           /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that the permission to file the amended complaint is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints). Plaintiff is advised that an amended complaint supersedes his prior complaints, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete in itself without reference to the prior or superseded pleadings, such as his state court case management statement, Local Rule 220.