UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND PEYTON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BRIAN CATES,<br><br>　　　　Defendant. | No. 1:22-cv-00151-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 18) |

　　　　Raymond E. Peyton alleges violations of the Equal Protection Clause and the Eighth Amendment to the United States Constitution, related to the dangers posed to him by COVID protocols and overcrowding at his prison, and the denial of his request for temporary medical parole. Peyton further presents argument regarding whether Defendant Cates is entitled to immunity on the claims at issue.

　　　　Peyton first filed this suit in state court, and Defendant Brian Cates[1] removed the case to federal court on February 3, 2022. (Doc. 1.) At the time of removal, Peyton had already once amended his original complaint. Most of the factual and legal allegations pertinent to this case were not included in Peyton's first amended complaint but were instead in the case management statement. Peyton was given leave to amend his complaint to comply with Local Rule 220, which

---

[1] Cates is the Warden of California Correctional Institution.

1

requires a pleading to be "complete in itself without reference" to another filing. (Docs. 7, 12.) Peyton's third amended complaint failed to state cognizable claims. (Doc. 16.) On April 25, 2022, Peyton filed a fourth amended complaint. (Doc. 17.)

Peyton's fourth amended complaint alleges deficient COVID policies, including the continued transfer of inmates to the facility and the facility's operation at maximum capacity, as well as the denial of Peyton's request to be released on temporary medical parole. Peyton further complains that overcrowding within his facility has subjected him to increased risk of attack and threats.

On May 5, 2022, the assigned magistrate judge entered findings and recommendations that this action be dismissed for failure to state a claim and without further leave to amend. (Doc. 18). As noted in the findings and recommendations, Peyton's fourth amended complaint failed to sufficiently allege that he was *personally* at risk of serious harm and that Cates acted with deliberate indifference. Peyton was given twenty-one days to file objections to the findings and recommendations. (*Id.*)

On May 16, 2022, Peyton filed objections to the findings and recommendations. (Doc. 20). On May 19, 2022, Defendant Cates filed a response to the objections. (Doc. 21). To cure the deficiencies identified in the findings and recommendations, Peyton points to allegations included in his earlier filings. But, as noted in the screening order, Peyton was instructed multiple times that his amended pleadings superseded his earlier pleadings such that he was not free to refer to his earlier pleading in support of his claims. (Doc. 18, p. 11 n.4). Peyton further restates his allegation that Cates violated state policy regarding inmate transfers—a claim which is insufficient to demonstrate a Constitutional violation—and incorrectly states that the findings and recommendations failed to address his age-based equal protection claim. (Doc. 18 at 9, 15.)

Peyton's objections also raise new factual allegations for the first time, including that he was housed with ill inmates, worked with ill inmates, ate with ill inmates, and eventually became ill himself due to apparent lack of social distancing. Even if these facts were sufficient to save the complaint, the Court will not consider allegations raised for the first time in Peyton's objections. *See Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2002); *United States v. Howell*,

231 F.3d 615, 621–22 (9th Cir. 2000).

According to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Peyton's objections and Cates's response, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS** that:

1. The findings and recommendations issued on May 5, 2022 (Doc. 18), are **ADOPTED** in full.
2. Plaintiff's fourth amended complaint (Doc. 17) is **DISMISSED** for failure to state a claim and without further leave to amend.
3. The Clerk of Court is directed to close this case, as this order terminates the matter in its entirety.

IT IS SO ORDERED.

Dated:   **June 27, 2022**

UNITED STATES DISTRICT JUDGE